Justice EAKIN,
concurring.
I join the majority’s analysis and result. I write only concerning speculation by my colleagues about a different result being possible, had appellee been a student at the time of her allegations. Respectfully, the purpose and applicability of the judicial privilege is not related to appellee’s status; categorizing her as a student, past or present, or any other denomination, is irrelevant to application of this discrete privilege. The applicability of the judicial privilege depends on the existence of, or potential for, judicial-related proceedings at the time of utterance. Restatement (Second) of Torts, § 588 cmt. e (stating “the rule ... applies only when ... a proceeding ... is actually contemplated in good faith and under serious consideration by the witness” (emphasis added)). It *563 matters not whether the speaker is old or young, tall or short, a student, teacher, doctor, lawyer, or Indian Chief.
This is not to say a broader privilege to speak out should not be afforded to students. However, if a privilege to encourage reporting based on status rather than circumstance is appropriate, that privilege should be articulated clearly and independently. No mere classification of the speaker creates a “judicial privilege,” and that venerable privilege should not be contorted to fit a prospectively desirable result, whatever its salience.